HACKENSACK WATER COMPANY, PROSECUTOR, v. STATE
BOARD OF TAX APPEALS ET AL., DEFENDANTS.

Argued May 3, 1939—Decided July 14, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the prosecutor, *Morrison, Lloyd & Morrison.*

For the defendants, *Hennesy & Mowry.*

PER CURIAM.

This *certiorari* brings up for review an order of the State Board of Tax Appeals affirming an assessment and dismissing an appeal from an order of the Bergen County Board of Taxation, which affirmed the assessment by the assessor of the borough of Haworth of property of the prosecutor herein.

The property involved is a portion of a water reservoir of prosecutor, which reservoir lies partly in the borough of Haworth and partly in an adjoining taxing district. The sole question to be determined is the value of said lands for taxation on October 1st, 1936. It was fixed by the various authorities at $250,000.

The statute provides that "when the line between taxing districts divides a tract of land, each part shall be assessed in the taxing district where located, unless the governing body of one of the taxing districts shall by resolution request that the entire tract be assessed by the adjoining taxing district in which a portion of the tract is located." *Pamph. L.* 1918, *p.* 859, as amended, now *R. S.* 54:4-25. The land lying in each district was assessed by such district.

Before the state board, the prosecutor produced three real estate experts, who testified that the land was worth from $105,556 to $125,906. One fixed a value of $105,556; another of $113,718; and the other of $125,906. The method of appraisal by the experts is indicated by the following testimony of the prosecutor's witness, Bernard E. Brady:

"*Q.* I notice Mr. Brady, that you have used a valuation of $800 per acre for upland and $500 per acre for land under water. Will you please explain to this board how you came to those per acre prices? *A.* In the land under water, I appraised that with a comparable value with acreage throughout that entire section of Jersey from general knowledge of what lowland would bring. That is, land that would be under water, swail or swampy land. On the upland, while that land is irregular and of varying depths, all along there, I consider it usable and from the same general knowledge of comparable land, I place that in the amount of $800 per acre."

The other real estate witnesses testified they used the same method as Mr. Brady in reaching their figures.

An engineer named Sanborn was produced by the municipality. He testified only to his judgment of the cost of reproducing the reservoir. He adopted the figure of Mr. Brady as to the value of the land and then proceeded to testify as to the cost of excavation and of constructing the entire reservoir, and assessed one-third of such estimated cost to the portion in the borough of Haworth. He estimated such portion of the cost to be $768,000, to which he added $125,000 as the value of the land, and reached a value of $893,000.

The rule for assessment for taxation is stated in *Stevens Institute* v. *State Board, &c.,* 105 *N. J. L.* 99; *affirmed, Ibid.* 655, thus: "Property to be assessed, whatever may be its

character, is to be taken and valued in the actual condition in which the owner holds it. *Colwell* v. *Abbott,* 42 *N. J. L.* 111, 115."

It is apparent that the witnesses on behalf of the prosecutor did not value the lands in the actual condition in which they were held. They valued them only as land without regard to use or condition. This testimony, therefore, is valueless.

The witness produced by the defendant municipality also fails to furnish any assistance in arriving at the value of the lands for taxation. In *Woodcliff Lake* v. *State Board, &c.,* 14 *N. J. Mis. R.* 132; *affirmed,* 117 *N. J. L.* 114, it was held that a value for rate making purposes was not material in fixing the taxable value of a reservoir.

The presumption is that the assessment made by the taxing authorities is correct and the burden is on the taxpayer to show that the assessment as made did not indicate true value. *Bell Telephone Co.* v. *Newark,* 118 *N. J. L.* 490.

We conclude that the prosecutor has failed to show true taxable value of the property or that the assessment as made was erroneous.

The judgment is affirmed, with costs.